STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN OVERTON PAINE, PLAINTIFF IN ERROR.

Submitted October 4, 1938—Decided February 3, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendant in error, *William A. Wachenfeld,* prosecutor of the pleas, and *Leon W. Kapp,* special assistant prosecutor.

For the plaintff in error, *Harry Cohn.*

PER CURIAM.

The plaintiff in error, John Overton Paine, was convicted of embezzlement in that, as the indictment charged, as bailee, agent or servant of one William C. Weber, he fraudulently took and converted fifteen shares of stock of the General Motors Corporation to his own use.

The jury, in determining the fact issue, was entitled to find that the facts were the following:

The complaining witness, William C. Weber, opened an account with the Paine Statistical Corporation, which was owned and controlled by the plaintiff in error. Weber transferred his account from a brokerage concern to the Paine Corporation. In addition to the fifteen shares of stock mentioned, and a small amount of cash, Weber also lodged the sum of $3,000 with the Paine Corporation to be used for trading purposes. At the time he transferred his account, on August 28th, 1936, he signed an authorization, empowering the Paine Statistical Corporation to buy and sell securities for him as well as any securities deposited by him with the corporation, and further agreed that such securities be loaned or pledged for the purpose of carrying on a trading account. The relationship between the parties was that the customer, Weber, would receive eighty per cent. of the net profits made in trade and the corporation twenty per cent. as compensation for its services. But, on the same day that the authorization was signed, Weber supplemented the agreement in a letter to the effect that the "General Motors stock is not to be sold under any consideration" and further limiting the authorization to the effect that only the stocks purchased by the corporation for Weber might be sold. This letter was received by an employe of the corporation who delivered it to his superior, who in turn delivered it to the defendant, Paine. One month thereafter, according to the record, the General Motors stock of the complaining witness was sold. The sale was concealed from Weber and likewise concealed from one Beaumont, an employe of the Paine corporation who was a "customer's man" and normally would have received a commission on this or any other sale. A statement received by

the customer, Weber, after the sale, indicated that the General Motors stock was still in his account, nor did the books of the Paine Corporation disclose the sale; in fact the account of Weber was credited with a General Motors Company dividend after the stock was sold. It further appeared that the stock was sold at the direction of the defendant and that the proceeds were not credited to the Weber account. The corporation, through which the plaintiff in error conducted these transactions, was completely under the control of the defendant, he owning all of the shares of the company save one which was in the name of his secretary.

Admittedly, Paine drew large sums of money from the corporation—between $80,000 and $100,000—with which money he acquired a good deal of real estate in Florida and North Carolina.

Finally, a receiver was appointed for the corporation in September, 1937, and the defendant was arrested in a New York hotel where he was registered under an assumed name. Manifestly, these were the facts as found by the jury.

The plaintiff in error presents a multitude of assignments of error which, however, are argued under eight points and these will be considered *seriatim*.

The first is that the court erred in "admitting testimony concerning transactions with persons other than" the complaining witness and "other testimony as to conditions of the business of the Paine Statistical Corporation." The argument is that the court admitted evidence of other transactions to show that Paine committed the crime for which he was indicted. But this somewhat begs the quetion. As a general thing it is not competent to prove that a defendant committed crimes of like nature for the purpose of showing "that the accused would be likely to commit the crime charged in the indictment." *State* v. *Bullock*, 65 *N. J. L.* 557, but that is not what took place in this case. One of the elements necessary to the state's case was to show that the conduct for which the defendant stood indicted was his personal act. Even though the sale was made through the agency of a corporation, it could be shown as here that the act was that of the

defendant. A corporate entity cannot commit embezzlement. True the challenged testimony was collateral but such testimony is at times permissible. Here it was received to show how the defendant conducted the affairs of the corporation. The court admitted it for no other reason than as evidence of the "control and domination of the corporation by the defendant," which limitation was twice mentioned by the court in the charge to the jury. Compare *State* v. *Boccadoro,* 105 *N. J. L.* 352. We find no error here.

It is next asserted that the charge to the jury was erroneous. We have carefully read the excerpt from the charge and find it to be free from error. The court, in the entire charge, clearly and comprehensively defined the issue in the case and we can find no fault in it.

It is next said that the court failed to instruct the jury as to the element of intent. This was not erroneous. If defense counsel desired particular mention made about intent, a request to so charge should have been submitted, which was not done. *State* v. *Capawanna,* 118 *N. J. L.* 429; *affirmed,* 119 *Id.* 337.

It is next argued that the court erred in permitting parol testimony for the purpose of altering the express terms contained in the power of authorization. The answer to this proposition is that there was no alteration of the power of authorization *by parol.* There was a limitation of the power directed to the company, in writing, on the same date that the power was executed and this was delivered to the defendant.

It is next argued that the court erred in admitting a copy of a letter written by Weber to the Paine Corporation, being a limitation on the authority to be exercised under the power of attorney. This we find to be without fault. It was proved that the original letter was lost and in that posture of affairs a copy is admissible.

It is next said that the verdict was contrary to the weight of evidence. This point is not argued and, under our cases, it may be considered as having been abandoned, but we deem it proper to say that the facts which we have mentioned above as having been proved indisputably pointed to the guilt of the accused.

It is next said that the court refused to charge a certain request. We have examined the request to charge and think it was properly rejected.

It is next said that the court permitted the state to ask questions that tended to inflame and prejudice the jury. The question asked was whether any representatives of the attorney-general's office were with the witness, Dimond, a lieutenant of detectives from the prosecutor's office, at the time he called at the office of this corporation. We find no merit at all in this ground.

Finding no error in the case, the judgment will be affirmed.